311 So.2d 491 (1975)
Robert William DURAY
v.
The CONTINENTAL INSURANCE COMPANY et al.
No. 6706.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
Greenberg & Dallam, Nathan Greenberg, and Gilbert P. Cohen, Gretna, for plaintiff-appellant.
Christovich & Kearney, J. Walter Ward, Jr., New Orleans, for defendants-appellees.
Before GULOTTA, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
Plaintiff, Robert William Duray, has appealed a judgment in a jury trial dismissing his personal injury suit against the executive officers of his former employer, Bobben Fabricators, Inc., and their liability insurer, The Continental Insurance Company. It was plaintiff's contention the acts of negligence of Edwin James (Bob) Guidroz and Benjamin Acosta, Jr., the president and vice president respectively of his employer, were proximate causes of an accident in which a 700-pound steel beam fell on and crushed a portion of his foot. Defendants denied negligence and alternatively pleaded the contributory negligence of plaintiff as a proximate cause of his injury.
Plaintiff, injured on June 12, 1968, was one of 10 to 12 employees of Bobben Fabricators, Inc., a corporation primarily engaged in the fabrication of steel products and equipment for marine and inland oil *492 exploration. The individual defendants not only owned controlling interest in the company but also worked with and closely supervised their employees on a daily basis.
One phase of the Bobben operation entailed the cutting and stacking of steel beams in preparation for their use in fabricating various structures. As the need arose, the stacked beams were moved by winch truck to the fabricating area. It was while plaintiff was a member of a work crew assigned to moving a stack of beams that one fell on his foot. This particular stack was composed of steel beams,[1] 6 to 8 feet long with a flange 14 inches wide and 5/8 inches thick. The bottom row was laid across and perpendicular to several 4 by 4 timbers that elevated the steel from the ground. The stack, either three or four rows high, had a pyramid effect with the flanges in a vertical position side by side, nested in an interlocking manner.
Immediately before the accident plaintiff was directing the driver of the winch truck to a position near the stack for the purpose of lifting and transporting the beams to the fabricating area. When the truck was in place, plaintiff attached a C-clamp to one of the beams on top of the stack and then told the driver to haul in the cable that was hooked to the C-clamp. As the beam was being raised, plaintiff noticed it was not properly centered because one end remained on the stack while the other began to lift. He then told the driver to lower the beam so he could move the clamp to the center. As he was relocating the clamp, another beam fell on his foot, causing the injury complained of.
Plaintiff attempted to prove the accident was a result of improper stacking, which caused a beam from the base row of the pyramid to either partially or totally fall from the 4 by 4 timbers. Defendants maintained that it was one of the beams on the top row that was dislodged when plaintiff negligently hooked the hoisting cable and clamp to the beam. Plaintiff was required to attach the cable so as to maintain a 90-degree angle between it and the horizontal plane of the beam. Defendant executive officers testified the cable was at a 70-degree angle when they arrived at the site of the accident almost immediately after its occurrence. If this were true, the improper hookup would dislodge a beam on the top of the stack and cause it to fall.
Although the evidence is voluminous, it is inconclusive and we can only speculate upon what theory the jury premised its verdict for the defendants.[2] Regardless, it is now well recognized that jury verdicts are accorded great weight and should not be disturbed except to correct such errors as are obvious and patent on the face of the record and necessary to prevent the sanctioning of a gross injustice. Mayes v. McKeithen, 213 So.2d 340 (La.App.1st Cir. 1968).
From our review of the testimony and exhibits, we find the result of the jury is based on reasonable factual conclusions and therefore we will not disturb the judgment based on this verdict. Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
For the reasons assigned, the judgment appealed from is affirmed at plaintiff's cost.
Affirmed.
NOTES
[1] Throughout the testimony, the terminology of I-beam and H-beam was used interchangeably and the weight of the beam was variously estimated to be between 450 and 700 pounds.
[2] The jury returned a general verdict finding in favor of the defendants with no specifications of negligence and/or contributory negligence as to plaintiff or defendants.