PENROSE C. ST. AMANT, Judge Pro Tem.
This is a suit for workmen’s compensation benefits for alleged total and permanent disability. The sole issue on appeal is the extent of plaintiff’s disability.
Plaintiff, who was employed as a welder, initially sued the executive officers of his employer in tort. A jury trial resulted in a judgment adverse to the plaintiff which was affirmed on appeal, Duray v. Continental Insurance Company, 311 So.2d 491 (La.App. 4th Cir. 1975).
By stipulation of counsel this suit for compensation benefits was submitted on the basis of the entire record in the tort suit. The trial court, after reviewing the record, found the plaintiff to be totally and permanently disabled. Defendant has appealed and we affirm.
The trial court in well considered written reasons for judgment made appropriate findings of fact and correctly applied the applicable law. We take the liberty of adopting said reasons for judgment as follows:
“On June 12, 1968, a steel I beam fell on plaintiff’s right foot causing multiple fractures of the right great toe, second, third and fourth toes. It was further stipulated that this injury was incurred during the course and in the scope of plaintiff’s employment.
“Dr. Ettinger performed two surgeries on plaintiff, in June and September of 1968. Dr. Ettinger then referred plaintiff to Dr. George R. Cary, a New Orleans Orthopedic Surgeon. Dr. Cary performed a Keller surgical operation on April 21, 1969, which is the removal of the proximal end of the proximal phalanx of the great toe — i. e., part of the bone of the great toe was removed. Dr. Cary also prescribed an orthopedic corrective shoe and arch support.
“Plaintiff moved to Ohio after being discharged by Dr. Cary in 1969. Plaintiff worked for his father in Ohio in a machine shop. Plaintiff then sought further medical attention for his injury. Plaintiff first saw Dr. Ruppert Clark who referred plaintiff to Dr. Hassler, an orthopedic surgeon. Dr. Hassler then referred plaintiff to Dr. Malcolm Brahms, an orthopedic surgeon. Dr. Brahms performed surgery on plaintiff on October 6, 1972, in which two small sesa-moid bones were removed and a silastic implant was inserted into the great toe to attempt to restore normal length of the great toe. Also, the proper digital nerve of the great toe was resected and the toe extensor tendon was lengthened. Orthopedic shoes and arch supports (Keel bar) were also prescribed.
“This Court has carefully reviewed the detailed testimony of the plaintiff, Dr. Cary and Dr. Brahms with regard to the events chronologically listed hereinabove. This court is highly impressed by the background and extensive qualifications of Dr. Brahms, especially his background as a podiatrist and the fact that he serves as an instructor at the American Academy of Orthopedic Surgeons concerning surgery of the foot.
“After careful consideration of the entire testimony as a whole, this court concludes that plaintiff, Robert William Du-ray, is totally and permanently disabled within the meaning, purpose and intendment of the La. Workmen’s Compensation Act.
“Both Dr. Cary and Dr. Brahms testified that plaintiff could not return to work as a welder without pain, particularly with long periods of standing, squatting and walking. Dr. Cary recommended that plaintiff return to his former activity provided that climbing would be avoided. Plaintiff’s balance was impaired due to the foot injury. Dr. Cary stated that the pain would be in the nature of minor discomfort. However, Dr. Brahms stated that plaintiff could resume his job as a welder with proper motivation, but that this would only help him plod through a long day. Proper shoes and arch support would help improve *314 a bad situation, but would not relieve the pain. In view of the entire medical testimony and plaintiff’s subjective complaints about the pain which he experienced this court finds the pain involved to be that substantial and appreciable pain which the law contemplates for a finding of total and permanent disability.
“Medical opinion varied as to the degree of disability. Dr. Cary testified as to 10% partial permanent disability of the right foot and Dr. Brahms as to 25% disability of the body as a whole. However, the percentage of disability or impairment of function is not the only factor to be considered by the courts in determining whether an employee is totally and permanently disabled. Futrell v. Hartford Accident & Indemnity Co., 276 So.2d 271, La.Sup.Ct.1973. In Futrell, the La. Supreme Court set forth guidelines for the legal determination of disability.
“ ‘The law fixes disability in terms of loss of earning capacity, which includes the extent of the physiological impairment as only one factor. The function of the judge is much broader than that of the medical man, for loss of earning capacity, which is the eventual touchstone of all legal definitions of disability, can be determined only by reference to the state of the labor market, hiring practices, the humanity of obliging a man to work in pain, and other broad policy considerations which the physician is not equipped nor authorized to evaluate.’ ”
“In Futrell, the plaintiff incurred- a knee injury causing 10% impairment of function to the right leg. Plaintiff was an automobile mechanic. The La. Supreme Court stated further,
“ ‘The degree of Futrell’s disability must not, however, be judged by placing him in ideal working conditions. The test must be whether the injury has substantially decreased Futrell’s ability to compete with ablebodied mechanics in the general labor market.’ ”
“In Futrell, Dr. Banks, the orthopedic surgeon, was of the opinion that the plaintiff could return to work as a mechanic, but with a restriction on squatting, lifting heavy items and climbing. Three other orthopedic surgeons agreed. The La. Supreme Court held that plaintiff was totally and permanently disabled because, since he would have to limit what he could do, he would not have the bargaining power of an able-bodied mechanic in the general labor market.
“In Jones v. Shreveport Lumber Products Co., 299 So.2d 438 (La.App. 2nd Cir. 1974), the facts presented were very similar to the instant case. There, plaintiff suffered accidental loss of the great toe of the left foot during the course of employment. The court appointed an orthopedic surgeon to make an independent examination of plaintiff. The surgeon concluded that plaintiff had no more than 25% partial permanent disability in the left foot and that he could return to work without any significant pain. This diagnosis was made after orthopedic devices were prescribed and after surgery similar to that of the plaintiff in the instant case. The Court concluded as follows:
“ ‘From our review of the medical evidence, together with plaintiff’s testimony as to pain, which is borne out by the history of four operations within less than two years and the finding of the tender callous by Dr. Fox, we are convinced plaintiff would be unable to obtain or hold a job necessitating him to walk up and down stairs, stand on his feet for an eight-hour day, to climb a ladder, or do many of the myriad jobs involving constant use of his feet, required of most manual laborers. We find his disability is of such character as to render Jones substantially handicapped in competing with able-bodied workers in the common labor market, *315 and that he is entitled to workmen’s compensation benefits for total and permanent disability.’ ”
“In the instant case the plaintiff is similarly handicapped in competing with other able-bodied welders in the general labor market because of his incapacity to climb and also because of the pain which would result due to the general standing, stooping and walking requirements of the normal welder.
“Thus, this Court finds the plaintiff, Robert William Duray, to be totally and permanently disabled based on the totality of the testimony and recent jurisprudence concerning the factors of pain, degree of functional disability, and the ability to compete in the common labor market.”
For the foregoing reasons the decision appealed from is affirmed at appellant’s cost.

AFFIRMED.